RECEIVED

2016R00512/IDB

OCT 31 2019

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AT 8:00 ___1:50___ PM
WILLIAM T. WALSH
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 19- 790 (MAS) |
| | : | |
| v. | : | 18 U.S.C. § 844(e) |
| | : | 18 U.S.C. § 875(b) |
| ERIC G. HAFNER | : | 18 U.S.C. § 875(c) |
| | : | |
| | : | I N D I C T M E N T |

The Grand Jury in and for the District of New Jersey, sitting at

Trenton, charges:

## COUNTS ONE THROUGH EIGHT

### (Transmission of Threats in Interstate or Foreign Commerce)

1.    At all times relevant to this Indictment:

a.    Defendant ERIC G. HAFNER ("HAFNER") was a citizen of the
United States, who during various times described below, resided in or around
Monmouth County, New Jersey.

b.    Police Officer 1 was a resident of New Jersey and a sworn
law enforcement officer employed at a New Jersey municipal police department
("Police Department A").   In or around 2007, Police Officer 1 arrested HAFNER
on a juvenile complaint charging HAFNER with a violation of the New Jersey
Criminal Code (the "Juvenile Complaint").

c.    Police Officer 2 was a resident of New Jersey and a sworn
law enforcement officer employed at Police Department A.

d.    Police Officer 3 was a resident of New Jersey and a sworn
law enforcement officer employed at Police Department A.   In or around 2007,

Police Officer 3 assisted Police Officer 1 in the investigation leading to HAFNER's arrest on the Juvenile Complaint.

   e. Police Officer 4 was a resident of New Jersey and a sworn law enforcement officer employed at Police Department A.

   f. Attorney 1 was a resident of New Jersey and a licensed attorney in New Jersey.   From in or about 2007 to in or about April 2012, Attorney 1 was an Assistant Prosecutor at a New Jersey county prosecutor's office (the "Prosecutor's Office").   During Attorney 1's tenure as an Assistant Prosecutor, Attorney 1 was assigned to prosecute HAFNER on the Juvenile Complaint.   The case was resolved via a guilty plea.   After leaving the Prosecutor's Office in 2012, Attorney 1 entered private practice, joining a law firm based in New Jersey ("Law Firm A").

   g. Attorney 2 was a resident of New Jersey and a licensed attorney with another law firm based in New Jersey ("Law Firm B").

   h. Judge 1 was a judge of the Superior Court of New Jersey who presided over the court proceedings involving HAFNER's Juvenile Complaint.

   2. As set forth below, between in or about 2016 and in or about 2018, HAFNER made a series of threats to Police Officer 1, Attorney 1, and others relating to legal proceedings that arose from HAFNER's arrest and prosecution on the Juvenile Complaint.   These threats included threats to kill or injure these and other victims, and their family members.

3.      On or about July 26, 2016, HAFNER flew aboard a commercial flight from Hawaii to Tokyo, Japan.

4.      On or about July 27, 2016, HAFNER placed a telephone call via an internet application to Police Department A.   During this call, HAFNER stated that Police Officer 1 "deserves to get shot," that Police Officer 1's minor child will get "his head bashed in," that HAFNER knew where Police Officer 1 lived, that Police Officer 1 will "pay for this," and that "It's over. It's not if, but when."

5.      Between on or about July 31, 2016 and on or about August 1, 2016, HAFNER flew aboard a commercial flight from Tokyo, Japan to Dublin, Ireland.

6.      On or about August 29, 2016, HAFNER transmitted an email to Attorney 2.   In this email, HAFNER wrote, "We are also arranging the death of [Police Officer 1]" and "[Police Officer 1's minor child] will die too."

7.      On or about August 31, 2016, HAFNER placed a telephone call via an internet application to Police Officer 1's residence, which was answered by Police Officer 1's spouse.   During the call, HAFNER stated that he was going to kill Police Officer 1's spouse and minor child.

8.      On or about September 1, 2016, HAFNER placed a telephone call via an internet application to Law Firm A and spoke with Attorney 1.   During this call, HAFNER threatened to kill Attorney 1, and to "slice [Attorney 1] up and feed [Attorney 1] to [HAFNER's] dogs."   HAFNER also threatened to "take a piece of fireworks, shove it up [Attorney 1's spouse's] ass and light them on

fire." In addition, HAFNER stated that Judge 1 was "going to get a bullet in [Judge 1's] head."

9. On or about September 4, 2016, HAFNER placed a telephone call via an internet application to Police Department A. During this call, HAFNER threatened that Police Officer 1 was "going to get shot" and that Police Department A was "going to explode."

10. Also, on or about September 4, 2016, HAFNER placed another telephone call via an internet application to Police Department A. During this call, HAFNER threatened that Police Officer 1's minor child was "gonna get killed too."

11. On or about September 4, 2016, HAFNER placed another telephone call via an internet application to Police Department A. During this call, HAFNER threatened that "[Police Officer 2] is gonna get shot as well just so you know that, and so is [Police Officer 3], and so is [Police Officer 4]." HAFNER further threatened, "You're all gonna die," "you should look for that kerosene bomb," and "because it's gonna explode."

12. On or about September 7, 2016, HAFNER placed a telephone call via an internet application to Law Firm A. The call was answered by an employee of Law Firm A. During the call, HAFNER stated "There is a bomb in the building" and "Death to America."

13. On or about May 18, 2018, HAFNER emailed Attorney 1, in which HAFNER threatened to kill Attorney 1 by writing, "You may have kept the cover up going long enough to avoid a USC 1983, but that won't stop another method

4

known as 187." HAFNER continued, "I have nothing left, so me doing something that would otherwise be considered a one-way ticket doesn't matter to me (plus I think a Monmouth County jury would acquit me anyway based on the facts which I would make sure they learn about one way or another). But you seem to have a life you enjoy, and if you want to keep it that way, you will need to make things right."

14. On or about the dates set forth below, in the District of New Jersey, and elsewhere, the defendant,

ERIC G. HAFNER,

with the purpose of issuing a threat and with knowledge that the communication would be viewed as a threat, knowingly transmitted in interstate and foreign commerce to Monmouth County, New Jersey and elsewhere, communications containing threats to injure the person of another, as set forth below, each constituting a separate count of this Indictment:

| Count | Approximate Date | Method of Transmission | Description of Threat |
|-------|------------------|------------------------|------------------------|
| One | July 27, 2016 | Through the internet and over the phone via an internet application | Threats to kill Police Officer 1 and Police Officer 1's minor child as set forth in paragraph 4 above. |
| Two | August 29, 2016 | Through the internet via electronic mail | Threats to kill Police Officer 1 and Police Officer 1's minor child as set forth in paragraph 5 above. |
| Three | August 31, 2016 | Through the internet and over the phone via an internet application | Threats to kill Police Officer 1's spouse and minor child as set forth in paragraph 7 above. |
| Four | September 1, 2016 | Through the internet and over the phone | Threats to kill Attorney 1 and Judge 1 as set forth in paragraph 8 above. |

| | | | |
|---|---|---|---|
| | | via an internet application | |
| Five | September 4, 2016 | Through the internet and over the phone via an internet application | Threat to injure or kill Police Officer 1 as set forth in paragraph 9 above. |
| Six | September 4, 2016 | Through the internet and over the phone via an internet application | Threat to kill Police Officer 1's minor child as set forth in paragraph 10 above. |
| Seven | September 4, 2016 | Through the internet and over the phone via an internet application | Threats to injure or kill Police Officer 2, Police Officer 3, and Police Officer 4 as set forth in paragraph 11 above. |
| Eight | May 18, 2018 | Through the internet via email | Threat to kill Attorney 1 as set forth in paragraph 13 above. |

In violation of Title 18, United States Code, Section 875(c).

## COUNT NINE

**(Conveying False Information Concerning the Use of an Explosive Device)**

1.     The allegations contained in paragraphs 1, 6 , and 11 of Counts One through Eight of this Indictment are re-alleged and incorporated as though fully set forth in this paragraph.

2.     On or about September 4, 2016, in the District of New Jersey, and elsewhere, the defendant,

ERIC G. HAFNER,

through the use of a telephone or other instrument of interstate or foreign commerce, willfully made a threat, and maliciously conveyed false information knowing the information to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure, and intimidate an individual and unlawfully to damage or destroy property by means of fire or an explosive: namely, and in substance and effect, that a kerosene bomb was planted at Police Department A and that the bomb was going to explode, as set forth in paragraph 11 of Counts One through Eight of this Indictment.

In violation of Title 18, United States Code, Section 844(e).

## COUNT TEN

### (Conveying False Information Concerning the Use of an Explosive Device)

1.    The allegations contained in paragraphs 1, 6, and 12 of Counts One through Eight of this Indictment are re-alleged and incorporated as though fully set forth in this paragraph.

2.    On or about September 7, 2016, in the District of New Jersey, and elsewhere, the defendant,

ERIC G. HAFNER,

through the use of a telephone or other instrument of interstate or foreign commerce, willfully made a threat, and maliciously conveyed false information knowing the information to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure, and intimidate an individual and unlawfully to damage or destroy property by means of fire or an explosive: namely, by stating, in substance and effect, that a bomb was planted in the building occupied by Law Firm A and "Death to America," as set forth in paragraph 12 of Counts One through Eight of this Indictment.

In violation of Title 18, United States Code, Section 844(e).

## COUNTS ELEVEN THROUGH NINETEEN

### (Transmission of Interstate Communications with Intent to Extort)

1.      The allegations contained in paragraphs 1, 3, and 6 of Counts One through Eight of this Indictment are re-alleged and incorporated as though fully set forth in this paragraph.

2.      At all times relevant to this Indictment:

     a.      Victim 1 was a resident of New Jersey and the spouse of Attorney 2.

     b.      Victim 2 was the child of Attorney 2 and Victim 1.

     c.      Victim 3 was the child of Attorney 2 and Victim 1.

     d.      Attorney 3 was a resident of New Jersey and a licensed attorney with Law Firm B.

     e.      Judge 2 was a resident of New Jersey and a judge of the Superior Court of New Jersey, whose judicial chambers were located in a New Jersey county courthouse ("Courthouse A").

     f.      Judge 3 was a resident of New Jersey and a judge of the Superior Court of New Jersey, whose chambers were located in a New Jersey county courthouse ("Courthouse B").   Between in or about 2011 and in and or about 2012, Judge 3 was the County Prosecutor of the Prosecutor's Office.

     g.      Judge 4 was a resident of New Jersey and a municipal court judge for a municipality located in Monmouth County, New Jersey ("Municipality A").

h.    Elected Official 1 was a resident of New Jersey and a government official in the executive branch of the State of New Jersey.

i.    Elected Official 2 was a resident of New Jersey and a government official in the executive branch of the State of New Jersey.

j.    Commercial Establishment 1 was a horseracing track located in Monmouth County, New Jersey, which was operated by a limited liability corporation, of which Attorney 2's sibling was an executive officer.

3.    In or about 2012, Attorney 2 and Attorney 3 of Law Firm B represented a client ("Client 1") in a family court case before Judge 2 in Courthouse A (the "Family Case").   In or about November 2012, Judge 2 delivered a ruling in the Family Case in favor of Client 1 and adverse to HAFNER.

4.    As set forth below, between in or about August 2016 and in or about August 2017, HAFNER made a series of threats to Attorney 2, Victim 1, and Victim 2 relating to Law Firm B's representation of Client 1 in the Family Case.   These threats included threats to injure and kill these victims and their families.

5.    On or about August 26, 2016, HAFNER sent an email to Victim 1 with the subject line, "Re: [Victim 2's] future."   In the accompanying message, HAFNER wrote:

> Ignoring this won't help [Victim 1].   You think you can steal all the money needed for me to have housing and go to school that I'm entitled to under the law through illegal bribes to [Judge 2] and leave me on the streets in dangerous situations?   Nope.   I've seen stabbings.   I've seen the knife go directly in and out of a person. Imagine if that happened to [Victim 2] in DC?   But with karma,

that could be [Victim 2's] future.   How would you feel about a knife going in and out of another person?   I could tell you exactly what it is like because I have been there and witnessed it.   No one can end this but me.   You need to get me the money owed or I will take what is mine and let's say it might be strikingly drool worthy in a way you won't like...   You're out of your league princess. . .

6.    On or about August 26, 2016, HAFNER sent another email to Victim 1 with the subject line, "Re: Parenting 101."   In the accompanying message, HAFNER wrote: "Want to make this end?   Here's how.   [Attorney 2] cuts me a check for $350,000 to cover the child support that was owed to me but illegally cut off and higher education expenses.   [Attorney 2] works out a payment plan with [Client 1] and [Client 1's] family to reimburse you for the $300,000.   Don't like it?   [Law Firm B] caused this mess so it's your problem. You shouldn't have paid illegal bribes to [Judge 2].   If you can't come up with the cash, white girls like [Victim 2] and [Victim 3] go for top dollar...I'll be in DC and Maryland making sure my property is available..."

7.    On or about August 26, 2016, HAFNER sent another email to Victim 1 with the subject line, "Re: Parenting 101."   In the accompanying message, HAFNER wrote: "To clarify the amount needed to cover the stolen monies due to [Law Firm B's] bribing of [Judge 2] (child support, college expenses) is $350,000.   You will need to have [Attorney 2] write the check and [Client 1] will need to work out the payment plan to reimburse you. Otherwise, [Victim 2]'s vagina and asshole can earn the money.   So can [Victim 3]'s."

8.    On or about August 29, 2016, HAFNER sent an email to Victim 1 with the subject line, "Fire at [Attorney 2 and Victim 1's residence]."   In the

11

accompanying message, HAFNER wrote: "You scumbags bribed [Judge 2] so it will happen … Pay the money you owe due to your illegal activity with [Client 1]. $350,000 or death."

9.    On or about August 30, 2016, HAFNER placed a telephone call via an internet application to Attorney 2.   During this call, HAFNER threatened to set fire to Attorney 2's residence, rape Victim 2, and slit Victim 1's throat if Attorney 2 failed to meet HAFNER'S demand to pay $350,000.

10.    On or about August 30, 2016, HAFNER sent an email to Attorney 2 and Victim 1 with the subject line, "Re: Ready to pay?"   In the accompanying message, HAFNER wrote: "The total amount you need to pay is $350,000 to cover the money [Attorney 2's family and Attorney 3] stole from me via your illegal cash bribes to [Judge 2].   You won't get anymore warnings, you will wake up to a burning house.   Try me.   You can make [Client 1] reimburse you anyway.   He is the one who is responsible for that.   Don't say I didn't warn you of what was to come.   This won't be my first murder . . ."

11.    On or about September 6, 2016, HAFNER emailed Attorney 2 and Victim 1 with the subject line, "Pay up or die bitch."   In the accompanying message, HAFNER wrote, among other things: "You should realize you can't beat me and pay the $350,000 you owe me because your law firm bribed [Judge 2] . . . .   You have a final opportunity to settle this matter.   Otherwise little white girls sell well into sex slavery, snuff films, or just slicing them up and taking their organs for sale on the black market.   You're all worth more to

me dead than alive these days."    HAFNER also included in the message a "List of Targets," which included Attorney 2, Victim 1, Victim 2, and Victim 3.

12.    On or about August 2, 2017, HAFNER sent an email to Attorney 2 and Victim 1.    The subject line of this email stated, among other things, "Rape [Victim 2]" and "Kill [Victim 2]."    In the accompanying message, HAFNER wrote: "I have a very busy weekend planned because you haven't paid me the money you stole from me.    Death coming soon to [Attorney 2's family name]. You can't bribe your way out of death like you did to steal my college money! I've been watching all of you."

13.    On or about August 2, 2017, HAFNER sent a text message to Victim 2's cellular telephone stating, "(Bullet 4 [Attorney 2's family name]) pay or die."

14.    On or about the dates set forth below, in the District of New Jersey, and elsewhere, the defendant,

ERIC G. HAFNER,

with the purpose of issuing a threat and with knowledge that the communication would be viewed as a threat, knowingly and with the intent to extort money from Attorney 2 and Victim 1, did transmit in interstate and foreign commerce to Monmouth County, New Jersey and elsewhere, communications containing threats to kidnap any person and threats to injure the person of another, as set forth below, each constituting a separate count of this Indictment:

13

| Count | Approximate Date | Method of Transmission | Description of Threat |
|---|---|---|---|
| Eleven | August 26, 2016 | Through the internet via electronic mail | Threat to injure or kill Victim 2 as set forth in paragraph 5 above. |
| Twelve | August 26, 2016 | Through the internet via electronic mail | Threat to kidnap Victim 2 and Victim 3 as set forth in paragraph 6 above. |
| Thirteen | August 26, 2016 | Through the internet via electronic mail | Threat to kidnap Victim 2 and Victim 3 as set forth in paragraph 7 above. |
| Fourteen | August 29, 2016 | Through the internet via electronic mail | Threat to kill Attorney 2 and Victim 1 as set forth in paragraph 8 above. |
| Fifteen | August 30, 2016 | Through the internet and over the phone via an internet application | Threats to injure or kill Victim 1 and Victim 2 as set forth in paragraph 9 above. |
| Sixteen | August 30, 2016 | Through the internet via electronic mail | Threat to kill Attorney 2 and Victim 1 as set forth in paragraph 10 above. |
| Seventeen | September 6, 2016 | Through the internet via electronic mail | Threat to kill Attorney 2, Victim 1, Victim 2, and Victim 3 as set forth in paragraph 11 above. |
| Eighteen | August 2, 2017 | Through the internet via electronic mail | Threat to kill Attorney 2's family as set forth in paragraph 12 above. |
| Nineteen | August 2, 2017 | Text message | Threat to kill Attorney 2's family as set forth in paragraph 13 above. |

In violation of Title 18, United States Code, Section 875(b).

## COUNTS TWENTY THROUGH TWENTY-FIVE

### (Transmission of Threats in Interstate or Foreign Commerce)

1.  The allegations contained in paragraphs 1, 3, and 6 of Counts One through Eight of this Indictment, and in paragraphs 2 and 3 of Counts Eleven through Nineteen of this Indictment, are re-alleged and incorporated as though fully set forth in this paragraph.

2.  As set forth below, between in or about July 2016 and in or about August 2017, HAFNER made a series of threats to Elected Official 1, Attorney 2, Attorney 3, and others relating to Law Firm B's representation of Client 1 in connection with the Family Case.

3.  On or about July 27, 2016, HAFNER placed a telephone call via an internet application to Elected Official 1.   During this call, HAFNER threatened to kill Elected Official 1 over Judge 2's reappointment.

4.  On or about July 27, 2016, HAFNER placed a telephone call via an internet application to Attorney 3.   During this call, HAFNER stated that he was outside Attorneys 3's residence with a knife, and that he was going to kill Attorney 3 and feed Attorney 3 to HAFNER's dogs.

5.  On or about July 30, 2016, HAFNER sent a text message to Elected Official 1, which stated, "Payback for Assta ur army boys life."

6.  On or about August 29, 2016, HAFNER emailed Attorney 2, with the subject line "Death of [Judge 2]."   In the accompanying message, HAFNER wrote that Judge 2 "is getting killed soon" and that Judge 3 "is getting popped too."

7.     On or about September 4, 2016, HAFNER placed a telephone call via an internet application to Judge 4's residence.   The call was answered by Judge 4's spouse.   During the call, HAFNER stated that he knew where Judge 4 and Judge 4's spouse lived, and threatened to come to their residence, shoot them, and set their house on fire.

8.     On or about August 31, 2016, HAFNER placed a telephone call via an internet application to Judge 2's chambers in Courthouse A.   This call was answered by Judge 2's secretary.   During this call, HAFNER stated that there was a bomb planted inside a vehicle in the parking lot of Courthouse A and that the bomb was set to explode in thirty minutes.

9.     On or about August 31, 2016, HAFNER placed a telephone call via an internet application to Law Firm B.   This call was answered by an employee of Law Firm B.   During this call, HAFNER stated that a fertilizer bomb was planted inside Law Firm B and that the employee should get out of the office immediately.

10.     On or about September 3, 2016, HAFNER placed a telephone call via an internet application to Commercial Establishment 1.   This call was answered by an employee of Commercial Establishment 1.   During this call, HAFNER stated that a C4 bomb was planted in Commercial Establishment 1 and that the bomb was going to explode.

11.     On or about September 23, 2016, HAFNER placed a telephone call via an internet application to Elected Official 1.   During this call, HAFNER

stated that a bomb was planted in the office of Elected Official 2 and that the bomb would explode in twenty minutes.

12.    On or about August 2, 2017, HAFNER sent an email to Attorney 2, Victim 1, and Attorney 3.   The subject line of this email was "Murder coming soon!"   In the accompanying message, HAFNER wrote, among other things: "I will personally kill each and everyone of you (including [Judge 2]);" "You are all dead scumbags walking;" "I am going to slice [Victim 2]'s throat with a box cutter;" and "I think you should worry about a boom."

13.    On or about the dates set forth below, in the District of New Jersey, and elsewhere, the defendant,

ERIC G. HAFNER,

with the purpose of issuing a threat and with knowledge that the communication would be viewed as a threat, knowingly transmitted in interstate and foreign commerce to Monmouth County, New Jersey and elsewhere, communications containing threats to injure the person of another, as set forth below, each constituting a separate count of this Indictment:

| Count | Approximate Date | Method of Transmission | Description of Threat |
|---|---|---|---|
| Twenty | July 27, 2016 | Through the internet and over the phone via an internet application | Threat to kill Elected Official 1 as set forth in paragraph 3 above. |
| Twenty-One | July 27, 2016 | Through the internet and over the phone via an internet application | Threat to kill Attorney 3 as set forth in paragraph 4 above. |
| Twenty-Two | July 30, 2016 | Text message | Threat to kill Elected Official 1's child as set |

| | | | forth in paragraph 5 above. |
|---|---|---|---|
| Twenty-Three | August 29, 2016 | Through the internet via electronic mail | Threats to kill Judge 2 and Judge 3 as set forth in paragraph 6 above. |
| Twenty-Four | September 4, 2016 | Through the internet and over the phone via an internet application | Threat to kill Judge 4 and Judge 4's spouse as set forth in paragraph 7 above. |
| Twenty-Five | August 2, 2017 | Through the internet via electronic mail | Threats to kill Attorney 2, Victim 1, Victim 2, Attorney 3, and Judge 2 as set forth in paragraph 12 above. |

In violation of Title 18, United States Code, Section 875(c).

## COUNT TWENTY-SIX

**(Conveying False Information Concerning the Use of an Explosive Device)**

1.     The allegations contained in paragraphs 1, 3, and 6 of Counts One through Eight of this Indictment, in paragraphs 2 and 3 of Counts Eleven through Nineteen of this Indictment, and in paragraphs 2 and 8 of Counts Twenty through Twenty-Five of this Indictment, are re-alleged and incorporated as though fully set forth in this paragraph.

2.     On or about August 31, 2016, in the District of New Jersey, and elsewhere, the defendant,

ERIC G. HAFNER,

through the use of a telephone or other instrument of interstate or foreign commerce, willfully made a threat, and maliciously conveyed false information knowing the information to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure, and intimidate an individual and unlawfully to damage or destroy property by means of fire or an explosive: namely, and in substance and effect, that a bomb was planted inside a vehicle in the parking lot of Courthouse A and that the bomb was going to explode, as set forth in paragraph 8 of Counts Twenty through Twenty-Five of this Indictment.

In violation of Title 18, United States Code, Section 844(e).

## COUNT TWENTY-SEVEN

### (Conveying False Information Concerning the Use of an Explosive Device)

1.      The allegations contained in paragraph 1, 3, and 6 of Counts One through Eight of this Indictment, in paragraphs 2 and 3 of Counts Eleven through Nineteen of this Indictment, and in paragraphs 2 and 9 of Counts Twenty through Twenty-Five of this Indictment, are re-alleged and incorporated as though fully set forth in this paragraph.

2.      On or about August 31, 2016, in the District of New Jersey, and elsewhere, the defendant,

ERIC G. HAFNER,

through the use of a telephone or other instrument of interstate or foreign commerce, willfully made a threat, and maliciously conveyed false information knowing the information to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure, and intimidate an individual and unlawfully to damage or destroy property by means of fire or an explosive: namely, and in substance and effect, that a fertilizer bomb was planted inside the building occupied by Law Firm B and that the bomb was going to explode, as set forth in paragraph 9 of Counts Twenty through Twenty-Five of this Indictment.

In violation of Title 18, United States Code, Section 844(e).

## COUNT TWENTY-EIGHT

### (Conveying False Information Concerning the Use of an Explosive Device)

1.    The allegations contained in paragraphs 1, 3, and 6 of Counts One through Eight of this Indictment, in paragraphs 2 and 3 of Counts Eleven through Nineteen of this Indictment, and in paragraphs 2 and 10 of Counts Twenty through Twenty-Five of this Indictment, are re-alleged and incorporated as though fully set forth in this paragraph.

2.    On or about September 3, 2016, in the District of New Jersey, and elsewhere, the defendant,

ERIC G. HAFNER,

through the use of a telephone or other instrument of interstate or foreign commerce, willfully made a threat, and maliciously conveyed false information knowing the information to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure, and intimidate an individual and unlawfully to damage or destroy property by means of fire or an explosive: namely, and in substance and effect, that a C4 bomb was planted in Commercial Establishment 1 and that the bomb was going to explode, as set forth in paragraph 10 of Counts Twenty through Twenty-Five of this Indictment.

In violation of Title 18, United States Code, Section 844(e).

## COUNT TWENTY-NINE

### (Conveying False Information Concerning the Use of an Explosive Device)

1.    The allegations contained in paragraphs 1, 3, and 6 of Counts One through Eight of this Indictment, in paragraphs 2 and 3 of Counts Eleven through Nineteen of this Indictment, and in paragraphs 2 and 11 of Counts Twenty through Twenty-Five of this Indictment, are re-alleged and incorporated as though fully set forth in this paragraph.

2.    On or about September 23, 2016, in the District of New Jersey, and elsewhere, the defendant,

ERIC G. HAFNER,

through the use of a telephone or other instrument of interstate or foreign commerce, willfully made a threat, and maliciously conveyed false information knowing the information to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure, and intimidate an individual and unlawfully to damage or destroy property by means of fire or an explosive: namely, and in substance and effect, that a bomb was planted in Elected Official 2's Office in Trenton, New Jersey and that the bomb was going to explode, as set forth in paragraph 11 of Counts Twenty through Twenty-Five of this Indictment.

In violation of Title 18, United States Code, Section 844(e).

## COUNTS THIRTY THROUGH THIRTY-ONE

### (Transmission of Threats in Interstate or Foreign Commerce)

1.      The allegations contained in paragraphs 3 and 6 of Counts One through Eight of this Indictment are re-alleged and incorporated as though fully set forth in this paragraph.

2.      At all times relevant to this Indictment:

      a.      Attorney 4 was a resident of New Jersey and a licensed attorney in New Jersey.   In or about November 2011, Attorney 4 served as municipal prosecutor for a municipality located in Monmouth County, New Jersey ("Municipality B").

      b.      Victim 5 was a resident of New Jersey and, in or about November 2011, was a municipal court judge for Municipality B.

3.      In or about November 2011, police in Municipality B charged HAFNER with a violation of state law.   Attorney 4 was assigned to prosecute HAFNER on the violation in municipal court, and Victim 5 presided over the municipal court proceedings involving HAFNER.

4.      On or about July 27, 2016, HAFNER placed a telephone call via an internet application to the police department in Municipality B.   During this call, HAFNER stated that he was at Attorney 4's residence with a gun and was shooting people.

5.      On or about September 1, 2016, HAFNER placed a telephone call via an internet application to Victim 5's office.   The call was answered by

23

Victim 5's assistant.   During this call, HAFNER threatened to shoot and kill Victim 5.

　　　　6.　　On or about the dates set forth below, in the District of New Jersey, and elsewhere, the defendant,

ERIC G. HAFNER,

with the purpose of issuing a threat and with knowledge that the communication would be viewed as a threat, knowingly transmitted in interstate and foreign commerce to Monmouth County, New Jersey and elsewhere, communications containing threats to injure the person of another, as set forth below, each constituting a separate count of this Indictment:

| Count | Approximate Date | Method of Transmission | Description of Threat |
|---|---|---|---|
| Thirty | July 27, 2016 | Through the internet and over the phone via an internet application | Threat to injure or kill people at Attorney 4's residence as set forth in paragraph 4 above. |
| Thirty-One | September 1, 2016 | Through the internet and over the phone via an internet application | Threat to kill Victim 5 as set forth in paragraph 5 above. |

　　　　In violation of Title 18, United States Code, Section 875(c).

## COUNTS THIRTY-TWO THROUGH THIRTY-THREE

### (Transmission of Threats in Interstate or Foreign Commerce)

1.     The allegations contained in paragraphs 3 and 6 of Counts One through Eight of this Indictment are re-alleged and incorporated as though fully set forth in this paragraph.

2.     At all times relevant to this Indictment:

a.     Victim 6 was a resident of New Jersey who lived in a municipality located in Monmouth County ("Municipality C").

b.     Victim 7 was a resident of New Jersey and the spouse of Victim 6.

c.     Victim 8 was a resident of New Jersey and the child of Victim 6.

3.     On or about August 31, 2016, HAFNER placed a telephone call via an internet application to the police department in Municipality C.   During this call, HAFNER identified himself as Victim 6, provided police with Victim 6's address, and stated that "I just killed [Victim 7]" and that "I have a gun to [Victim 8's] head right now."

4.     On or about August 31, 2016, HAFNER placed a telephone call via an internet application to Victim 6.   During this call, HAFNER told Victim 6 that he was outside Victim 6's residence, that he was going to "bomb" the residence to kill Victim 6, and that he was going to rape Victim 7 if Victim 7 survived the bombing.

5.     On or about the dates set forth below, in the District of New Jersey, and elsewhere, the defendant,

ERIC G. HAFNER,

with the purpose of issuing a threat and with knowledge that the communication would be viewed as a threat, knowingly transmitted in interstate and foreign commerce to Monmouth County, New Jersey and elsewhere, communications containing threats to injure the person of another, as set forth below, each constituting a separate count of this Indictment:

| Count | Approximate Date | Method of Transmission | Description of Threat |
|-------|------------------|------------------------|-----------------------|
| Thirty-Two | August 31, 2016 | Through the internet and over the phone via an internet application | Threat to injure or kill Victim 8 as set forth in paragraph 3 above. |
| Thirty-Three | August 31, 2016 | Through the internet and over the phone via an internet application | Threat to kill Victim 6 and Victim 7 as set forth in paragraph 4 above. |

In violation of Title 18, United States Code, Section 875(c).

CRAIG CARPENITO
United States Attorney

# United States District Court
## District of New Jersey

CASE NUMBER: _19-790(MAS)_

### UNITED STATES OF AMERICA

v.

### ERIC G. HAFNER

## INDICTMENT FOR

18 U.S.C. §§ 844(e), 875(b), 875(c)

### CRAIG CARPENITO
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

IAN D. BRATER
*SPECIAL ASSISTANT U.S. ATTORNEY*
*TRENTON, NEW JERSEY*
*609-989-2312*

USA-48AD 8
(Ed. 1/97)