

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Ian D. Brater
*Assistant United States Attorney*

402 East State Street, Room 430
Trenton, New Jersey 08608

609-989-2312

IDB/RJG/PL AGR

May 17, 2022

**RECEIVED**
**MAY 17 2022**
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Mark W. Catanzaro, Esq.
Law Office of Mark W. Catanzaro
21 Grant Street
Mount Holly, New Jersey 08060

      Re:    Plea Agreement with ERIC G. HAFNER

Dear Mr. Catanzaro:

    This letter sets forth the plea agreement between your client, ERIC G. HAFNER, and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire today, May 17, 2022 if it is not accepted in writing by that date.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from ERIC G. HAFNER to Counts 4, 17, and 28 of the Indictment, Criminal No. 19-790, charging: in Count 4 that ERIC G. HAFNER transmitted threats to injure the person of another in interstate and foreign commerce, in violation of 18 U.S.C. § 875(c); in Count 17 that ERIC G. HAFNER transmitted interstate communications with the intent to extort, in violation of 18 U.S.C. § 875(b); and in Count 28 that ERIC G. HAFNER conveyed false information concerning the use of an explosive device, in violation of 18 U.S.C. § 844(e). If ERIC G. HAFNER enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against ERIC G. HAFNER for the conduct alleged in Counts 1-3, 5-8, 20-25, and 30-33 (transmission of threats to injure the person of another in interstate and foreign commerce), Counts 9-10, 26-27, and 29 (conveying false information concerning the use of an explosive device), and Counts 11-16 and 18-19 (transmission of interstate communications with intent to extort) of the

Indictment, Criminal No. 19-790, provided that ERIC G. HAFNER admits under oath at the time of his guilty plea to engaging in that criminal activity, which the parties agree should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. §§ 1B1.2(c) or 1B1.3(a). In addition, if ERIC G. HAFNER fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 1-3, 5-16, 18-27, and 29-33 of the Indictment, Criminal No. 19-790, against ERIC G. HAFNER. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, ERIC G. HAFNER agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by ERIC G. HAFNER may be commenced against him, notwithstanding the expiration of the limitations period after ERIC G. HAFNER signs the agreement.

Sentencing

The violation of 18 U.S.C. § 875(c) to which ERIC G. HAFNER agrees to plead guilty carries a statutory maximum prison sentence of 5 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 875(b) to which ERIC G. HAFNER agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 844(e) to which ERIC G. HAFNER agrees to plead guilty carries a statutory maximum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on each count may run consecutively. Fines imposed by

the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon ERIC G. HAFNER is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence ERIC G. HAFNER ultimately will receive.

Further, in addition to imposing any other penalty on ERIC G. HAFNER, the sentencing judge: (1) will order ERIC G. HAFNER to pay an assessment of $100 per count, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order ERIC G. HAFNER to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and (3) pursuant to 18 U.S.C. § 3583, may require ERIC G. HAFNER to serve a term of supervised release of not more than 3 years on each of Counts 4, 17 and 28, which will begin at the expiration of any term of imprisonment imposed. Should ERIC G. HAFNER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, ERIC G. HAFNER may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on ERIC G. HAFNER by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of ERIC G. HAFNER's activities and relevant conduct with respect to this case.

Rights of This Office Regarding Post-Sentencing Proceedings

This Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

Immigration Consequences

ERIC G. HAFNER understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. ERIC G. HAFNER understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. ERIC G. HAFNER wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. ERIC G. HAFNER understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, ERIC G. HAFNER waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ERIC G. HAFNER. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against ERIC G. HAFNER.

No provision of this agreement shall preclude ERIC G. HAFNER from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that ERIC G. HAFNER received constitutionally ineffective assistance of counsel.

(Continued on the next page.)

No Other Promises

This agreement constitutes the plea agreement between ERIC G. HAFNER and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: IAN D. BRATER
R. JOSEPH GRIBKO
Assistant U.S. Attorneys

APPROVED:

_____
ANDREW C. CAREY
Deputy U.S. Attorney

I have received this letter from my attorney, Mark W. Catanzaro, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 5/17/22
ERIC G. HAFNER

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 5/17/2022
Mark W. Catanzaro, Esq.